# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2613

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Sara Jarrett, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2012
Filed: July 17, 2012

_____

Before RILEY, Chief Judge, SMITH, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

A jury convicted Sara Jarrett of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 ("Count I"), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2 ("Count II"). Jarrett appeals her convictions, arguing that the jury instructions constructively amended Count II of the superseding indictment and that the district court[1] plainly erred by trying her with her pro se codefendant. We affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

## I. *Background*

A two-count superseding indictment charged Shannon Williams, DeShawn Hernandez, and Jarrett with conspiring to distribute 1,000 kilograms or more of marijuana and conspiring to commit money laundering. The superseding indictment stated, in relevant part:

> Defendants herein, knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury to commit the following offense against the United States of America: *opening bank accounts, withdrawing funds from those accounts, and/or depositing funds into those bank accounts to launder money* . . . with the intent to promote the carrying on of the [conspiracy to distribute marijuana], and knowing that the transaction was designed . . . to conceal and disguise . . . [the conspiracy] . . . .

(Emphasis added.)

Prior to trial, Williams, who was pro se, filed a motion for a continuance. Jarrett objected to the motion and alternatively asked the court to sever the cases "if the Court sees fit to continue the main action." The district court denied Williams's motion for a continuance and Jarrett's request for a severance.

At trial, the government put on evidence that Jarrett used money obtained through the marijuana conspiracy to purchase plane tickets and rent hotel rooms. Jarrett's counsel moved to exclude the admission of documents describing activities besides "what's been charged as a crime in Count II of the [superseding] indictment." Specifically, Jarrett's counsel objected to evidence of "expenditures for cars, hotel rooms, Disneyland, or anything like that because that's not what money laundering is." The court overruled the objection, finding the evidence relevant to the conspiracy. The court noted that "[w]hen it gets to money laundering, . . . the instructions of the Court will have to indicate to the jury what the money—money laundering count is."

In closing instructions, over Jarrett's objection, the district court gave the Eighth Circuit model instruction for conspiracy and advised the jury of the elements of money laundering "[t]o assist [them] in determining whether there was an agreement or understanding to launder money." The "financial transaction[s]" listed in the instruction were "the depositing of money into bank accounts, the purchase of real estate, the purchase of airline tickets, the renting of automobiles, and the renting of hotel rooms." The jury found all three defendants guilty on both counts. After the trial, Jarrett filed a motion for an acquittal of the conviction of conspiracy to commit money laundering. The district court denied the motion.

## II. *Discussion*

On appeal, Jarrett argues that her conviction under Count II should be overturned because the district court constructively amended the superseding indictment. She contends that the court amended the indictment by instructing the jury that she could be convicted of money laundering for activities beyond those described in Count II of the superseding indictment. Jarrett also argues that her convictions under Counts I and II should be overturned because the district court did not sever her case from that of her pro se codefendant Williams.

### A. *Constructive Amendment*

Jarrett argues that the jury convicted her of conspiracy to commit money laundering based on a constructive amendment to the superseding indictment.

> A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence introduced at trial or the jury instruction—that the jury is allowed to convict the defendant of an offense different from . . . the offenses charged in the indictment.

*United States v. Renner*, 648 F.3d 680, 685 (8th Cir. 2011) (quotation and citations omitted). Essentially, "a constructive amendment changes the charge" and "affects the

defendant's Fifth Amendment right to indictment by a grand jury." *Id.* (quotations and citations omitted). A constructive amendment "constitutes reversible error per se." *Id.* (quotations and citations omitted).

Jarrett argues that "the record shows a change of the charge (from money laundering to spending money gained illicitly) while the evidence remained the same." In fact, the charge in the superseding indictment was not money laundering at all, but *conspiracy* to commit money laundering, in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2. "A conspiracy conviction requires proof that the defendant knowingly joined a conspiracy to launder money and that one of the conspirators committed an overt act in furtherance of that conspiracy." *United States v. Delgado*, 653 F.3d 729, 737 (8th Cir. 2011) (quotation and citation omitted); *see also United States v. Evans*, 272 F.3d 1069, 1082 (8th Cir. 2001) (finding evidence that a third party gave prostitution earnings to defendant, which he used to buy a car and pay for travel expenses, sufficient to support a conviction under 18 U.S.C. § 1956(h)).

Jarrett emphasizes that the government "did not claim Sara Jarrett committed money laundering," the government's expert witness "did not claim that Sara Jarrett had engaged in money laundering," and one of the government's main fact witnesses "did not claim that Sara Jarrett committed money laundering." But Jarrett did not have to commit money laundering to be found guilty as a coconspirator. As the jury instructions indicated, the "three essential elements" of conspiracy to launder money are (1) "an agreement . . . to launder money"; (2) the defendant's voluntary joinder of the agreement; and (3) the defendant's knowing joinder of the agreement.

In a similar Fifth Circuit case, the court considered whether "jury instructions for money laundering constructively amended the . . . superseding indictment," which charged the defendant with money laundering and with conspiracy to commit money laundering. *United States v. Threadgill*, 172 F.3d 357, 370 (5th Cir. 1999). With respect to the conspiracy conviction, the Fifth Circuit stated:

-4-

> [W]e do not see what legal relevance [the alleged constructive amendment] has to [the defendant's] conspiracy conviction. As noted, the elements for proving the crime of conspiracy are separate and distinct from the elements needed to establish the substantive offense of money laundering. Therefore, while the purported amendment may have impermissibly broadened the money laundering counts in the superseding indictment . . . , that specific amendment could not have broadened the conspiracy charge, which has an entirely different set of elements.

*Id.* at 370–71 (internal citation omitted). Likewise, in this case, the jury instruction on money laundering did not constructively amend the superseding indictment. The instruction did not alter the "essential elements of the offense," *Renner*, 648 F.3d at 685, which was conspiracy to commit money laundering—not money laundering itself. *Cf. United States v. Hynes*, 467 F.3d 951, 964 (6th Cir. 2006) (finding that evidence of a third "overt act" in support of the conspiracy to commit money laundering, which was presented at trial but not included in the indictment, did not constructively amend the indictment since the additional transaction fell within the time period specified in the indictment and since the government did not have to prove that the defendant committed the overt act).[2]

---

[2]Jarrett does not argue on appeal that the evidence presented at trial constituted a variance. *See Renner*, 648 F.3d at 685 ("[A] variance changes the evidence, while the charge remains the same. . . . [A] variance implicates the defendant's Sixth Amendment right to notice of the nature of the charge and is subject to harmless error analysis." (quotations and citations omitted)). Nor has she has shown that any possible variance between the superseding indictment and the evidence presented at trial "infringed [her] substantial rights." *United States v. McGilberry*, 620 F.3d 880, 885 (8th Cir. 2010) (quotation and citation omitted); *see also Hynes*, 467 F.3d at 964–65 (finding that evidence presented at trial of a third "overt act" not listed in the indictment did not warrant reversal because the defendant had ample opportunity to rebut the evidence and the inclusion of the transaction raised no possibility that the defendant could be prosecuted for the same conspiracy offense in the future, since it occurred during the time period alleged in the indictment).

B. *Severance*

Jarrett also argues that her convictions on Counts I and II should be overturned because the district court tried her with Williams, who represented himself pro se. "[Jarrett] did not seek relief under [Federal Rule of Criminal Procedure] 14 before or during trial, however, so our review is for plain error." *United States v. Brown*, 560 F.3d 754, 766 (8th Cir. 2009).[3] "[Jarrett] must show not only that there was a Rule 14 violation affecting [her] substantial rights, but also that there is some extraordinary reason for us to reverse for such error despite [her] failure to raise the issue in the trial court." *Id.* (quotation and citation omitted).

"Ordinarily, indicted coconspirators should be tried together, especially where the proof of conspiracy overlaps." *United States v. Pou*, 953 F.2d 363, 368 (8th Cir. 1992). And "[t]he mere fact that a codefendant is proceeding *pro se* is not in itself a ground for severance." *United States v. Tracy*, 12 F.3d 1186, 1194 (2d Cir. 1993). Jarrett argues that she was entitled to a severance because "Williams tried the patience of every person in that courtroom" by making the trial last "four long, seemingly interminable weeks." She also cites to a portion of the trial transcript that shows "the ghastly performance of Mr. Williams as his own lawyer." Williams's pro se representation, which made the trial last longer and tried the jury's patience, does not establish that Jarrett suffered unfair prejudice. Moreover, Jarrett could have anticipated the effects of Williams's pro se representation prior to trial and asked for a severance on that ground. She did not. Thus, "the [district] court did not commit plain error in failing to sever [her] trial[] on this ground." *United States v. Mathison*,

---

[3]Before trial, Jarrett filed an "objection to continuance of trial date and motion for separate trial" in response to Williams's motion for a continuance. Jarrett "object[ed] to any continuation of the trial . . . . Additionally, Defendant Jarrett move[d] for a separate trial of her case . . . ." In her brief in support of her motion, however, Jarrett conditioned the motion for a separate trial on the district court's grant of Williams's motion for a continuance, which the district court denied. On appeal, Jarrett concedes that plain error review applies.

157 F.3d 541, 547 (8th Cir. 1998) (finding that a defendant's "*pro se* representation was prejudicial to no one other than himself").

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____