**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 16-4364**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

GEORGE LINCOLN STANLEY, IV,

                Defendant - Appellant.

**No. 16-4643**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

AKIN SEAN EL PRECISE BEY,

                Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:15-cr-00166-BR-2; 5:15-CR-00166-BR-1)

Submitted: September 28, 2017                Decided: October 18, 2017

Before GREGORY, Chief Judge, and TRAXLER and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. Higdon, Jr., WILLIAMS MULLEN, Raleigh, North Carolina; Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellants. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Akin Sean El Precise Bey and George Lincoln Stanley, IV of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a), (c) (2012), and kidnapping, in violation of 18 U.S.C. § 1201(a). The jury also convicted Bey of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced both Bey and Stanley to life imprisonment and they now appeal. For the reasons that follow, we affirm.

On appeal, Bey first challenges the district court's admission of evidence pursuant to Fed. R. Crim. P. 404(b), consisting of testimony regarding Bey's prior attempted robbery of the victim. We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. *United States v. Lespier*, 725 F.3d 437, 447 (4th Cir. 2013). An abuse of discretion occurs only when "the trial court acted arbitrarily or irrationally in admitting evidence." *United States v. Williams*, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." *Id.* In order to be admissible, "(1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature." *Lespier*, 725 F.3d at 448 (alteration

3

omitted). Rule 404(b) is a rule of inclusion, allowing admission of all other crimes or acts except those which tend to prove only criminal disposition. *Id.* We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting this evidence.

Bey next challenges his removal from the courtroom for disruptive behavior and the resultant termination of his self-representation. We review de novo the denial of a defendant's right to self-representation, *see United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005), and the decision to remove an unruly defendant for abuse of discretion. *United States v. Ward*, 598 F.3d 1055, 1058 (8th Cir. 2010). "[T]he Sixth Amendment [] protects a defendant's affirmative right to self-representation." *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). However, "the self-representation right is not absolute." *Fields v. Murray*, 49 F.3d 1024, 1035 (4th Cir. 1995). Therefore, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). The Sixth Amendment also protects a defendant's right to be present in the courtroom at every stage of his trial. *Illinois v. Allen*, 397 U.S. 337, 338 (1970).

> [A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

*Id.* at 342. We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in removing Bey from the courtroom and did not violate his Sixth Amendment right by terminating his self-representation.

4

Next, Stanley argues that the district court erred in denying his motion for a severance based on the fact that Bey was representing himself pro se. We review the denial of a motion for severance for abuse of discretion. *United States v. Hornsby*, 666 F.3d 296, 308 (4th Cir. 2012). "Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendant[] of a fair trial and results in a miscarriage of justice." *Person v. Miller*, 854 F.2d 656, 665 (4th Cir. 1988) (internal quotation marks omitted).

"[T]here is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Shealey*, 614 F.3d 627, 632 (4th Cir. 2011) (internal quotation marks omitted). Therefore, severance is warranted only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (internal quotation marks omitted). To be entitled to a separate trial, a defendant must show that actual prejudice would result from a joint trial. *Id.* In addition, "the mere fact that a codefendant is proceeding pro se is not in itself a ground for severance." *United States v. Jarrett*, 684 F.3d 800, 804 (8th Cir. 2012) (internal quotation marks omitted); *see also Miller*, 854 F.2d at 665 (presence of pro se co-defendant is not prejudicial per se).

Here, the district court did not abuse its discretion in denying Stanley's motion for a severance because Bey was representing himself. Moreover, the court promptly removed Bey from the courtroom and provided an instruction to the jury when Bey

5

disrupted the proceedings in the presence of the jury.  The court, therefore, did not violate Stanley's right to a fair trial.

Finally, both Bey and Stanley object to several enhancements in their offense levels under the Sentencing Guidelines.  In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error."  *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted).  We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed."  *Id.* at 631 (internal quotation marks omitted).  The Government must demonstrate the facts underlying a Guidelines enhancement by a preponderance of the evidence.  *See United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017); *see also United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

The Appellants argue that the district court erred in applying enhancements based on the victim sustaining permanent or life-threatening injuries, the use of a deadly weapon, and the sexual exploitation of the victim.  Under the Guidelines, a district court should apply a four-level enhancement in offense level for a kidnapping offense if the victim sustained permanent or life-threatening injury.  U.S. Sentencing Guidelines Manual § 2A4.1(b)(2) (2016).  The Guidelines define permanent or life-threatening injury as that which involves "a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent."  USSG § 1B1.1 cmt. n.1(J).  The Guidelines specify that in a kidnapping case, maltreatment to a

6

life-threatening degree such as denial of food or medical care constitutes life-threatening injury. *Id.* In addition, pursuant to USSG § 2A4.1(b)(3), a district court shall increase the offense level by two levels when a dangerous weapon was used. To qualify as use, a firearm must be discharged or a firearm or dangerous weapon must be otherwise used, such that the weapon was more than brandished, displayed, or possessed during the offense. USSG §§ 1B1.1 cmt. n.1(I), 2A4.1 cmt. n.2.

Finally, a six-level enhancement in offense level applies if the victim was sexually exploited. USSG § 2A4.1(b)(5). The Guidelines provide that sexual exploitation "includes offenses set forth in 18 U.S.C. §§ 2241-2244, 2251, [] 2421-2423" (2012). USSG § 2A4.1 cmt. n.3. Section 2241(a)(1), on which the district court relied in applying the enhancement, criminalizes knowingly causing another to engage in a sexual act by using force against that person. A sexual act is defined in part as "[t]he penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C). In the case of jointly undertaken criminal activity, a district court shall determine application of the specific offense characteristics on the basis of all acts and omissions of the codefendants that were within the scope of the conspiracy, in furtherance of the criminal activity, and reasonably foreseeable in connection with that criminal activity. USSG § 1B1.3(a)(1)(B). Our review of the record leads us to conclude that the district court did not err in applying the above-listed enhancements under the Guidelines.

7

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*