**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4880**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE MOLINA-SANCHEZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00316-FDW-DSC-2)

---

Submitted: September 29, 2015          Decided: November 6, 2015

---

Before SHEDD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David Jonathon Joffe, JOFFE LAW, P.A., Fort Lauderdale, Florida, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jorge Molina-Sanchez of conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine and one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (2012) (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012) (Count 2); possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 3); and using firearms during and in relation to, and possessing firearms in furtherance of, drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1) (2012) (Count 4). On appeal, Molina-Sanchez raises several challenges to his convictions and 420-month, downward variant sentence. Finding no error, we affirm.

I.

Molina-Sanchez first argues that the district court erred in denying his motions for judgment of acquittal on the drug trafficking and money laundering conspiracy offenses—Counts 1 and 2. We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence

2

to support the convictions when viewed in the light most favorable to the government.  Id.  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt."  Id.  Thus, "[a] defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear."  Id. (internal quotation marks and citation omitted).

To obtain a drug trafficking conspiracy conviction under 21 U.S.C. § 846, "the government must prove that (1) the defendant entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1); (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant knowingly and voluntarily participated in the conspiracy."  United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (ellipsis, brackets, and internal quotation marks omitted).  "Given the clandestine and covert nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone."  Id. (internal quotation marks omitted).  "Evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial

3

quantities of drugs." Id. at 526 (brackets and internal quotation marks omitted).

To obtain a money laundering conspiracy conviction under 18 U.S.C. § 1956(h), the government must prove:

> (1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a) . . . ; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy.

United States v. Green, 599 F.3d 360, 371 (4th Cir. 2010). As relevant to this case, a defendant commits a money laundering violation under § 1956(a) if he conducts or attempts to conduct a financial transaction: (1) "intending to promote the carrying on of specified unlawful activity ('promotion money laundering')"; or (2) "knowing that the financial transaction is designed to conceal the nature of the proceeds of specified unlawful activity ('concealment money laundering')." United States v. Bolden, 325 F.3d 471, 486-87 (4th Cir. 2003).

Having thoroughly reviewed the trial transcript, we conclude that there was more than sufficient evidence (both direct and circumstantial) to convict Molina-Sanchez of both conspiracy offenses. Specifically, the evidence establishes that Molina-Sanchez knowingly participated in a large-scale drug trafficking operation and that he conspired to conduct financial transactions to both promote the drug trafficking operation and

4

conceal the nature of the proceeds.  Although Molina-Sanchez argues that the coconspirators who testified at his trial are inherently untrustworthy, "[i]n evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

## II.

Next, Molina-Sanchez contends that the district court abused its discretion in admitting certain evidence.  "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational."  United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion by admitting the challenged evidence, as it was relevant to the charges and not unduly prejudicial.  See Fed. R. Evid. 402, 403.  Notably, the district court took care to issue limiting instructions when appropriate.  See United States v. Lespier, 725 F.3d 437, 448 (4th Cir. 2013) (holding that "any risk of unfair prejudice was effectively mitigated by the court's carefully framed limiting instructions regarding proper consideration of [the] evidence").

5

III.

Molina-Sanchez argues that his sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015).

A.

Molina-Sanchez first raises several challenges to the district court's calculation of his advisory Sentencing Guidelines range. When evaluating Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (ellipsis and internal quotation marks omitted).

Molina-Sanchez contends that he should not be held accountable for all of the drugs in the conspiracy because the evidence does not establish his involvement in the conspiracy. This argument fails for the same reason that his sufficiency argument fails: there was more than adequate evidence establishing Molina-Sanchez's participation in the large-scale drug trafficking operation.

Molina-Sanchez next asserts that the district court erred in applying the three-level enhancement for his role as a manager or supervisor in the conspiracy and in denying his request for a mitigating role reduction.  See U.S. Sentencing Guidelines Manual §§ 3B1.1(b), 3B1.2(b) (2013).  A three-level enhancement is warranted "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  USSG § 3B1.1(b).  "The enhancement is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility."  United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (internal quotation marks omitted).

We discern no clear error in the district court's application of the three-level enhancement and its denial of a mitigating role reduction.  The conspiracy involved more than five participants and the evidence presented a trial establishes that Molina-Sanchez was at least a manager or supervisor of the drug trafficking operation.

Molina-Sanchez next contends that the district court erred in applying the criminal-livelihood enhancement.  The Guidelines provide for a two-level enhancement if the defendant received a leadership enhancement under USSG § 3B1.1 and "committed the offense as part of a pattern of criminal conduct engaged in as a

7

livelihood." USSG § 2D1.1(b)(14)(E). ""Engaged in as a livelihood" means that, for any 12-month period, "the totality of circumstances shows that . . . criminal conduct was the defendant's primary occupation." USSG § 4B1.3 cmt. n.2 (internal quotation marks omitted); see USSG § 2D1.1(b)(14)(E) cmt. n.19(C) (referencing § 4B1.3). This may be proven, for example, by demonstrating that "the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for the defendant's criminal conduct." USSG § 4B1.3 cmt. n.2.

We conclude that the district court did not clearly err in applying the criminal-livelihood enhancement. By 2009, Molina-Sanchez and his brother were receiving 11-kilogram shipments of cocaine every other month and each shipment yielded $80,000 in profit. Thus, even if Molina-Sanchez earned some money by other means, the primary source of his income for several years was the drug trafficking operation. Moreover, the court could have reasonably concluded that the lawn-mowing business was a front for the brothers' criminal conduct, considering that the lawn-mowing equipment was hardly used.

We also discern no clear error in the district court's denial of Molina-Sanchez's request for a two-level downward adjustment for acceptance of responsibility. See USSG § 3E1.1(a). Except in rare circumstances not applicable here,

8

"[t]his adjustment is not intended to apply to a defendant," like Molina-Sanchez, "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1 cmt. n.2.

## B.

Finally, Molina-Sanchez challenges the substantive reasonableness of his sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Molina-Sanchez has not met this burden. The district court carefully considered the § 3553(a) factors before imposing a sentence well below Molina-Sanchez's advisory Guidelines range of life plus 60 months' imprisonment. Indeed, the downward variance was generous considering that the court stated that this was one of the largest drug trafficking conspiracies it had ever witnessed. Moreover, the court considered Molina-Sanchez's arguments for a 180-month sentence but concluded that the seriousness of the offenses outweighed any mitigating factors. Finally, the court did not err in

concluding that the difference between the postarrest conduct of Molina-Sanchez and his brother warranted a disparity in the their sentences.

IV.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED