**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4066**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HARVEY L. COX,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:11-cr-00474-DCN-1)

Argued: December 11, 2013          Decided: March 5, 2014

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Diaz wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

**ARGUED**: John Robert Haley, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Peter Thomas Phillips, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee. **ON BRIEF**: William N. Nettles, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

DIAZ, Circuit Judge:

Harvey Cox pleaded guilty to possessing child pornography. At sentencing, the district court determined that, as part of the offense, Cox caused a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Based on this determination, the court enhanced Cox's sentence under applicable provisions of the Sentencing Guidelines. Cox appeals, arguing that the evidence was insufficient to support the enhancement. Finding no error in the district court's sentencing calculations, we affirm.

I.

In early 2011, the Florence County, South Carolina, Sheriff's Office was investigating Cox regarding the sexual assault of a minor. After authorities arranged a meeting with him to discuss the investigation, Cox staged his own death. He created the appearance that he had died while fishing off the South Carolina coast--prompting the Coast Guard to conduct a search--when in fact he had fled to Florida. After Cox's daughter, A.C., reported the ruse to authorities, the U.S. Marshals Service arrested Cox in Florida and returned him to South Carolina.

During the ensuing investigation, A.C. turned over to authorities forty-six Polaroid photographs of a naked young

2

girl, whom A.C. identified as Cox's niece, M.G.  A.C. informed investigators that she discovered the photographs in Cox's bedroom and in his truck.  On the back of each photograph was a date, in Cox's handwriting, ranging from June 2004 to December 2005.  A.C. informed investigators that Cox had sexually abused her when she was between the ages of ten and thirteen.  The end of this period coincided with the earliest dates on the photographs of M.G.  According to A.C., Cox would demand that A.C. bring M.G. with her when A.C. came to stay with him, and would require the girls to sleep in his bed.

Investigators interviewed M.G., who confirmed A.C.'s account.  M.G. acknowledged that she was the girl in the photographs and reported that Cox took them beginning when she was twelve years old.  According to the PSR:

> [M.G.] stated that Cox would give them (her and [A.C.]) Crown Royal liquor and he would "put stuff in their drinks to make them feel better."  She admitted they had sexual intercourse, and he would masturbate and ejaculate on her stomach after taking the pictures.  Cox also gave [M.G.] money and threatened to "do it" to her little sister if she told anyone.

J.A. 136.  The Florence County Sheriff's Office executed search warrants at Cox's home and business, where they seized two Polaroid cameras, as well as bedding observed in the photographs.

A federal grand jury indicted Cox on three counts.  Count I charged that Cox "knowingly and willfully caused the Coast Guard

3

to attempt to save a life and property when no help was needed," in violation of 14 U.S.C. § 88(c). J.A. 17. Count II charged that Cox "knowingly did use, persuade, induce, and coerce a person under the age of eighteen . . . to engage in sexually explicit conduct . . . for the purpose of producing visual depictions of such conduct," in violation of 18 U.S.C. § 2251(a) and (b). J.A. 18. Finally, Count III charged that Cox "did knowingly possess material that contained images of child pornography," in violation of 18 U.S.C. § 2252A(a)(5)(b). J.A. 18.

While Cox was detained on these charges, his cellmate turned over to authorities a letter Cox had given him to send to A.C. In the letter, Cox instructed A.C. to "listen carefully and practice what she has to say." J.A. 136. The letter also directed A.C. to testify at trial that she and M.G. took the photographs themselves and that Cox knew nothing about them. In return, Cox promised to support A.C. and M.G. financially. The following week, Cox's cellmate turned over another set of letters intended for A.C., in which Cox stated that M.G.'s uncle, "Jason," took the photographs. These letters urged A.C. and M.G. not to testify.

Cox subsequently pleaded guilty to Counts I and III of the indictment pursuant to a plea agreement. Prior to sentencing, a probation officer prepared the PSR. In calculating Cox's

4

Guidelines sentencing range, the probation officer applied U.S.S.G. § 2G2.2, the section of the Sentencing Guidelines that pertains to offenses that involve the possession of material depicting the sexual exploitation of a minor. Section 2G2.2 includes a cross-reference, § 2G2.2(c)(1), which is triggered "[i]f the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." In applicable cases, the cross-reference instructs the court to apply § 2G2.1--which ordinarily pertains to offenses involving the production of sexually explicit material--if application of that section would result in a higher adjusted offense level than would § 2G2.2. Finding these conditions satisfied, the probation officer applied the cross-reference.

Application of § 2G2.1 resulted in an adjusted offense level of 40 for Count III, a thirteen level increase over what would have resulted from applying § 2G2.2. Based in part on this computation, the probation officer calculated Cox's overall offense level as 41, which, coupled with a criminal history category of III, yielded an advisory Guidelines range of 360 months' to life imprisonment.

Cox objected to the application of the cross-reference, contending that there was insufficient evidence to support a finding that he acted "for the purpose of producing a visual

5

depiction" of sexually explicit conduct.  J.A. 128.  The district court overruled Cox's objection.  It found that the photographs themselves and the information in the PSR confirmed that Cox had the requisite purpose.  The district court thus applied the cross-reference, but recalculated Cox's Guidelines range based on other, unrelated objections Cox had raised.  This calculation produced a range of 262 to 327 months' imprisonment, capped at 300 months by an applicable statutory maximum.  The court sentenced Cox to concurrent prison terms of 60 months on Count I and 240 months on Count III.

## II.

### A.

On appeal, Cox challenges the procedural reasonableness of his sentence.  Specifically, he argues that the district court miscalculated his advisory Guidelines range by improperly applying the U.S.S.G. § 2G2.2(c)(1) cross-reference.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, "first ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."  Gall v. United States, 552 U.S. 38, 51 (2007).  In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and

6

its factual findings for clear error. United States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir.), cert. denied, 134 S. Ct. 280 (2013). "Clear error occurs when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence . . . ." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). "[T]he traditional rules of evidence are not applicable to sentencing proceedings," and the "court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010).

B.

Cox pleaded guilty to violating 18 U.S.C. § 2252A(a)(5)(b), an offense governed by § 2G2.2 of the Sentencing Guidelines. As previously noted, § 2G2.2 includes a cross-reference, which provides as follows:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct[,] . . . apply § 2G2.1 . . . if the resulting offense level is greater than that determined [under § 2G2.2].

7

U.S.S.G. § 2G2.2(c)(1) (emphasis added).

Cox contends that there was "no evidence presented" to support a finding that he acted for the purpose of producing a visual depiction of sexually explicit conduct. Appellant's Br. at 6. He argues that the district court instead based its application of the cross-reference solely on the "existence of photographs," which he believes is impermissible. Id. at 8. Although Cox does not dispute that he caused M.G. to engage in sexually explicit conduct, or that he photographed that conduct, he contends that production of the photographs was not a "central component of the sexual encounters." Id. at 9.

1.

In addressing Cox's argument, we begin by analyzing the meaning of the cross-reference's "purpose" requirement. The application note accompanying § 2G2.2 emphasizes that the cross-reference "is to be construed broadly." U.S.S.G. § 2G2.2 cmt. n.5. Consistent with this guidance, two circuits that have considered the meaning of virtually identical cross-references in other sections of the Sentencing Guidelines have held that "purpose" does not mean "primary purpose." In United States v. Hughes, the Ninth Circuit explained that, "[i]n ordinary usage, doing X 'for the purpose of' Y does not imply that Y is the exclusive purpose." 282 F.3d 1228, 1231 (9th Cir. 2002).

8

Partly for this reason, the court held that a defendant "cannot immunize himself from the operation of [the cross-reference] merely by demonstrating that he had an additional reason other than the creation of . . . photographs for causing [the victim] to engage in sexually explicit conduct." Id. Relying on Hughes, the Seventh Circuit similarly concluded in United States v. Veazey that "the cross-reference applies when one of the defendant's purposes was to create a visual depiction," regardless of "whether that purpose was the primary motivation for the defendant's conduct." 491 F.3d 700, 707 (7th Cir. 2007).

We agree with our sister circuits that the cross-reference's purpose requirement is satisfied anytime one of the defendant's purposes was to produce a visual depiction of the sexually explicit conduct. In other words, producing the depiction need not be the defendant's sole, or primary, purpose. This construction is fully consistent with the cross-reference's text, and any other reading would violate the application note's instruction that the cross-reference be "construed broadly." Accordingly, we reject Cox's contention that the cross-reference applies only when creation of a visual depiction is the "central component of the sexual encounter[]." See Appellant's Br. at 9.

2.

On these facts, we have little trouble concluding that the district court's application of the cross-reference was proper. Contrary to Cox's assertions, the district court did not base its application of the cross-reference solely on the existence of the photographs. Rather, to support its finding that the cross-reference's purpose requirement was satisfied, the district court specifically referred to paragraphs 11, 12, and 13 of the PSR. Those paragraphs recounted evidence that Cox took the photographs of M.G. after having sex with her; provided her with alcohol and money and threatened to abuse her younger sister; and both dated the photographs and retained them for as many as seven years. Additionally, the district court noted Cox's attempts to convince A.C. to lie about the photographs' origins.

We agree with the district court that the evidence presented in the PSR "corroborate[s]" that Cox's purpose was to produce a visual depiction of the sexually explicit conduct. See J.A. 101. The production of the photographs--all of which are sexually explicit--was part and parcel of Cox's sexual exploitation of M.G., lending strong support to the conclusion that producing the images was at least one of his purposes in abusing her. Given that Cox also took the photographs over a series of encounters, dated them, and retained them after the

10

encounters, the evidence was plainly sufficient to support application of the cross-reference.

The cases Cox cites do not help him. Cox principally relies on the Third Circuit's decision in Crandon v. United States, 173 F.3d 122 (3d Cir. 1999). In Crandon, however, the court held only that a district court must make "some inquiry" into the defendant's purpose before applying the cross-reference. Id. at 130 (emphasis added). Here, the district court expressly found that Cox's purpose was to produce a visual depiction of sexually explicit conduct, and it based that conclusion on a number of facts reported in the PSR. See J.A. 102 ("I think the evidence shows he persuaded, he enticed, he induced, perhaps coerced, if you believe the threats. And permitted [M.G. to engage in sexually explicit conduct]. . . . for the purpose of producing a visual depiction of th[at] conduct . . . ."). While some of the other cases Cox cites arguably involved more evidence of such a purpose than was present here, none purport to establish a minimum evidentiary threshold.[*]

---

[*] Nor do we do so here. Specifically, we need not determine whether the mere fact that a defendant produced sexually explicit photographs of a minor, without more, may support application of the cross-reference.

11

In sum, we discern no error in the district court's application of the cross-reference and conclude that Cox's sentence is procedurally reasonable.

## III.

For these reasons, we affirm the judgment of the district court.

AFFIRMED