**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4047

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CORREY MARKELL JANIFER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:13-
cr-00089-PWG-1)

Submitted:  August 26, 2014        Decided:  September 5, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington,
D.C., for Appellant.  Rod J. Rosenstein, United States Attorney,
Hollis Raphael Weisman, Assistant United States Attorney,
Kathleen E.I. Wise, Student Law Clerk, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Correy Markell Janifer pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (2012). Janifer appeals his forty-six-month sentence, arguing that the district court clearly erred when it applied a six-level enhancement to his base offense level for assaulting a police officer while fleeing arrest, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3A1.2(c)(1) (2013). We affirm.

When evaluating Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). We will find clear error only when, "on the entire evidence[,] [we are] left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted).

Section 3A1.2(c)(1) authorizes the sentencing court to enhance the offense level by six if the defendant, in a manner creating a substantial risk of serious bodily injury, "knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." An application note explains that the enhancement applies only "in circumstances

2

tantamount to an aggravated assault"—-that is--"assaultive conduct . . . that is sufficiently serious to create at least a substantial risk of serious bodily injury." U.S.S.G. § 3A1.2(c)(1) cmt. n.4(A) (internal quotation marks omitted). "Serious bodily injury" is an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(L).

Because the Guidelines do not define assault, we held, in a case involving the same sentencing enhancement, that the common law definition applies. See United States v. Hampton, 628 F.3d 654, 660 (4th Cir. 2010). The common law definition of assault includes the "threat or use of force inflicting a reasonable apprehension of harm; an attempt to commit battery; a battery; and any attack." Id. (internal quotation marks omitted). Accordingly, we "readily conclude[d] that battery of a law enforcement officer was intended to and in fact does satisfy U.S.S.G. § 3A1.2(c)(1)'s assault requirement." Id. at 661.

In sum, in order for the enhancement to apply in this case, the Government was required to prove by a preponderance of the evidence that: (1) Janifer knew or had reason to believe that Officer Usher was a law enforcement officer; (2) he

3

assaulted Officer Usher in the course of the offense or immediate flight therefrom, employing the common law definition of assault; and (3) the assault qualified as aggravated—-that is--one that created at least a substantial risk of serious bodily injury. See United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (noting that the government has the burden of proving application of U.S.S.G. sentence enhancements by a preponderance of the evidence).

The primary dispute on appeal is whether the first collision between the stolen vehicle Janifer was driving and Officer Usher's police cruiser qualified as an aggravated assault. We conclude that the district court did not clearly err by applying the § 3A1.1(c)(1) enhancement to Janifer's base offense level when Janifer intentionally accelerated into Officer Usher's cruiser at speeds that created a substantial risk of serious bodily injury. The collision was not an accident nor a benign contact between the two vehicles.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4