**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4038**

———————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHONY AKRAH MORRIS,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:13-cr-00445-PWG-1)

———————————

Submitted:  October 30, 2015   Decided:  November 5, 2015

———————————

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Thomas M. Sullivan, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Akrah Morris was convicted by a jury of conspiracy to commit robbery, two counts of robbery, and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c), 1951 (2012). The district court sentenced him to a total of 505 months' imprisonment on the charges, which included a mandatory, consecutive sentence of 32 years' imprisonment for the two firearm charges. On appeal, Morris argues that the district court erred in admitting portions of coconspirator testimony and that his sentence is unreasonable. We affirm.

I.

"We review evidentiary rulings for an abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted). Even if we conclude that the district court abused its discretion in admitting evidence, however, we review the admission under the harmless error standard. Id. "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks and alterations omitted).

2

Morris argues that the district court erred in admitting the testimony of a coconspirator that the coconspirator participated in approximately three dozen robberies. We reject Morris' contentions that the testimony was irrelevant or that its prejudicial effect substantially outweighed its probative value. Fed. R. Evid. 401, 403. We conclude that the evidence was relevant as it assisted the jury in assessing the witness' credibility, Fed. R. Evid. 607, and that the prejudicial effect Morris alleges is purely speculative and not supported by the record.

Morris also challenges the district court's admission of coconspirator testimony that a jacket appearing in still images appeared to be the same jacket as the one worn by Morris on May 31, 2012. Even if we were to conclude that the district court abused its discretion in admitting this evidence, we would reject Morris' claim because, in view of the substantial evidence against Morris, we are confident that the testimony had at most a negligible effect on the jury's deliberations and verdict. Thus, any error in admitting the testimony was harmless.

## II.

Morris also challenges the procedural and substantive reasonableness of his sentence. We review the sentence under a "deferential abuse-of-discretion standard." Gall v. United

3

States, 552 U.S. 38, 41 (2007). In making its Sentencing Guidelines calculations, the district court may consider facts presented at the sentencing hearing that are established by a preponderance of the evidence. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).

Morris argues that the district court procedurally erred by failing to state whether the Government established Morris' participation in unindicted robberies by a preponderance of the evidence and further erred by failing to explain what role the unindicted robberies had in the court's sentencing determination. We disagree. The district court stated that, based on the Government's evidence, there was "no question" that Morris participated in the unindicted robberies. Though the district court did not use the phrase "preponderance of the evidence," it is clear the Government sufficiently established these facts. The court also stated that the evidence of the unindicted robberies justified a sentence at the top of the Guidelines range, but nonetheless imposed a sentence at the bottom of that range. It is apparent from the court's explanation of its sentence that any role the unindicted robberies may have played in the court's sentencing determination was negated by the impact of the mandatory § 924(c) sentences. Next, Morris claims that the district court failed to give careful consideration to the 18 U.S.C. § 3553(a)

4

factors, other than the nature of the offense. This argument is belied by the record, and is accordingly rejected.

Having concluded that Morris' sentence is procedurally reasonable, we next review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Because Morris' sentence "is within . . . a properly calculated Guidelines range[, it] is presumptively reasonable. Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (internal citation omitted), cert. denied, 135 S. Ct. 421 (2014).

Morris fails to rebut this presumption. Morris' claim that his sentence is substantively unreasonable essentially argues that he should have received no punishment for the conspiracy and robbery counts because the mandatory sentences on the § 924(c) counts were sufficient to satisfy the 18 U.S.C. § 3553(a) factors. We reject this proposition. In thoroughly explaining its sentence, the court adequately considered the totality of the circumstances and imposed a reasonable sentence.

Accordingly, we reject Morris' arguments and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before this court and argument would not aid the decisional process.

AFFIRMED