**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4952**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES THOMAS MCBRIDE, a/k/a JT, a/k/a Jaemes Thomas McBride,
a/k/a Jim McBride,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:14-cr-00175-AJT-1)

---

Submitted: November 13, 2015     Decided: November 18, 2015

---

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jeffrey D. Zimmerman, SMITH & ZIMMERMAN, PLLC, Alexandria,
Virginia, for Appellant.  Dana J. Boente, United States
Attorney, William E. Johnston, Special Assistant United States
Attorney, Kosta S. Stojilkovic, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas McBride appeals his 42-month sentence following his convictions for one count of conspiring to produce false identification documents and causing the impersonation of diplomats, in violation of 18 U.S.C. § 371 (2012); one count of causing the impersonation of a diplomat, in violation of 18 U.S.C. §§ 915, 2 (2012); and four counts of producing false identification documents, in violation of 18 U.S.C. §§ 1028(a)(1), 2 (2012). Finding no error, we affirm.

McBride raises only one issue on appeal, arguing that the district court erred in applying an enhancement for use of an authentication feature pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(11)(A)(ii) (2014). When evaluating Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).

McBride argues that, because the identification cards issued by Divine Province did not appear to be issued by the State Department, the sentencing enhancement does not apply. We reject this argument and conclude that the verification system used by McBride was designed to mimic the one used to verify genuine diplomatic immunity cards issued by the State Department. Further, the false authentication feature produced by McBride and the accompanying identification cards were

2

designed to appear as if they were issued by "an international government or quasi-governmental organization." 18 U.S.C. § 1028(d)(6) (2012) (defining "issuing authority"); see United States v. Sardariani, 754 F.3d 1118, 1121 (9th Cir. 2014). Because McBride's offense involved "the possession or use of any . . . authentication feature," USSG § 2B1.1(b)(11)(A)(ii), we find no error and uphold the district court's application of the enhancement.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED