**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 16-4218**

—————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

LOKHEIM JERALLE CAMPBELL,

              Defendant - Appellant.

—————

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:15-cr-00487-BHH-1)

—————

Submitted: September 22, 2016       Decided: October 13, 2016

—————

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lokheim Jeralle Campbell pled guilty to possession of a firearm by a convicted felony, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 120 months in prison. He now appeals, raising one issue. We affirm.

I

The record reflects that Campbell agreed to sell prescription drugs to Cyril Lowery. While the men were negotiating the sale of the drugs, Campbell pulled out a handgun to rob Lowery. When Lowery began to flee, Campbell fired at Lowery several times, striking him once in each foot. Five shell casings were recovered from the scene.

Lowery's probation officer applied the cross-reference for attempted first degree murder and assigned base offense level 33. See U.S. Sentencing Guidelines Manual § 2A2.1(a)(1) (2015). Two levels were added because the victim, Lowery, sustained serious bodily injury, USSG § 2A2.1(b)(1)(B). Three levels were subtracted based on acceptance of responsibility, USSG § 3E1.1. Campbell's total offense level was 32, his criminal history category was III, and his Guidelines range was 151-188 months. He was statutorily subject to a maximum term of ten years in prison. See 18 U.S.C. § 924(a)(2) (2012). Accordingly, his Guidelines range was 120 months. See USSG § 5G1.1(a).

2

At sentencing, Campbell objected to application of the cross-reference, arguing that he intended to rob but not to kill Lowery. The district court overruled the objection.

II

Campbell contends that the district court erred when it applied the cross-reference for attempted first degree murder. When evaluating Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).

The Guidelines provide for a base offense level of 33 "if the object of the offense would have constituted first degree murder," as defined in 18 U.S.C. § 1111 (2012). USSG § 2A2.1(a)(1) & cmt. n.1. Section 1111, in turn, defines first degree murder as "the unlawful killing of a human being with malice aforethought" — that is, "[e]very murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any . . . robbery." 18 U.S.C. § 1111(a). Thus, a defendant commits first degree murder if the killing was either premeditated or committed during the course of a felony, such as robbery. See United States v. Morales-Machuca, 546 F.3d 13, 22 ("18 U.S.C. § 1111 was intended to adopt the felony murder rule, and for a stated felony the malice element is satisfied by the

3

intent to commit the unlawful felony" (internal quotation marks omitted)).

We conclude that the district court properly applied the cross-reference. While attempting to rob Lowery, Campbell shot at him five times, hitting him twice. Campbell could have killed Lowery during the course of the robbery; had Lowery died, Campbell would have been guilty of felony murder.

### III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4