**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4263**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

DANIEL LEE CANTER,

       Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:15-cr-00014-JPB-MJA-1)

Submitted: November 22, 2016      Decided: November 29, 2016

Before WILKINSON and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Kristen M. Leddy, Research & Writing Specialist, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lee Canter pled guilty, pursuant to a plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012), and the district court sentenced him to 188 months' imprisonment. On appeal, Canter contends that the court erred in applying the enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015) for possession of a firearm and in calculating his criminal history category. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Sentencing Guidelines range. Gall, 552 U.S. at 51. In evaluating a district court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (alteration and internal quotation marks omitted).

2

We first address Canter's challenge to the district court's application of the two-level enhancement under § 2D1.1(b)(1) for possession of a firearm. This enhancement is appropriate if a firearm was possessed "during the relevant illegal drug activity." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). As the district court observed, the enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). "It is the defendant's burden to show that a connection between his possession of a firearm and his narcotic offense is 'clearly improbable.'" Slade, 631 F.3d at 189.

We conclude that Canter has not met the burden of showing that it was clearly improbable that the shotgun discovered in his vehicle near a safe containing methamphetamine and a significant quantity of cash was connected to the drug-trafficking offense. Accordingly, the court properly applied the two-level enhancement for possession of a firearm. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (holding "that the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under Section 2D1.1(b)(1)").

Next, we turn to Canter's challenge to the district court's calculation of his criminal history category. Section 4B1.1(b)

3

instructs courts to calculate offense levels for career offenders, like Canter, as follows: "Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." USSG § 4B1.1(b). Subsection (c) provides an alternative sentencing scheme for those career offenders who are convicted under 18 U.S.C. § 924(c) (2012) and 18 U.S.C. § 929(a) (2012). USSG § 4B1.1(c). Section 4B1.1(b) also provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." USSG § 4B1.1(b).

Canter contends that the district court's application of the greater, "otherwise applicable" offense level based on his offense conduct automatically removed him from the ambit of the career offender Guideline such that the court was then obligated to apply his "true" criminal history category of V instead of the criminal history category of VI prescribed by the career offender Guideline. Canter argues that the court was required to apply either the offense level and criminal history category under the career offender Guideline or the "otherwise applicable" offense level and the criminal history category derived from the criminal history points assessed to him, whichever pairing produced the higher Guidelines range.

We conclude that Canter's argument is without merit and that the court properly applied the career offender Guideline. "[A] case arises under subsection (b) of the career offender [G]uideline in every case in which the defendant qualifies as a career offender." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004). "The sole exception to this rule is the one provided for by subsection (b) itself, which explicitly takes those defendants convicted under 18 U.S.C. § 924(c) or 18 U.S.C. § 929(a) out of the purview of the subsection." Id. Thus, several circuits have adopted the rule that a career offender's criminal history category is VI regardless of whether the sentencing court applies the offense level listed in the § 4B1.1(b) table or the "otherwise applicable" offense level. See United States v. Gordon, 838 F.3d 597, 602-03 (5th Cir. 2016) (collecting cases and holding that "[t]here is nothing in [§ 4B1.1(b)] that suggests . . . that applying the 'offense level otherwise applicable' somehow removes the district court from the purview of [that] subsection"). We similarly conclude that the district court did not err in basing Canter's advisory Guidelines range on the "otherwise applicable" offense level and the criminal history of VI prescribed by the career offender Guideline.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

5

are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED