**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4021**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUIS RENTERIA,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  David A. Faber, Senior District Judge.  (7:12-cr-00037-FA-10)

Submitted:  December 12, 2016    Decided:  December 16, 2016

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Renteria pled guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court applied the cross-reference for first degree murder, U.S. Sentencing Guidelines Manual §§ 2D1.1(d)(1), 2A1.1 (2014), and sentenced Renteria to life in prison. Renteria appeals, claiming that the district court erred when it applied the cross-reference. We affirm.

When evaluating Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). The Guidelines provide, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, [a sentencing court should] apply § 2A1.1 (First Degree Murder). . . ." USSG § 2D1.1(d)(1). First degree murder includes both premeditated and felony murder. USSG § 2A1.1, cmt. n.2. The Government must prove the facts supporting application of a cross-reference by a preponderance of the evidence. United States v. Davis, 679 F.3d 177, 182 (4th Cir. 2012).

When attributing the actions of co-conspirators for sentencing purposes, the Guidelines provide for consideration,

2

"in the case of a jointly undertaken criminal activity . . . , [of] all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction [or] in preparation for that offense." USSG § 1B1.3(a)(1)(B). "In order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake." Id. cmt. (n.2).

We hold that the district court did not err in applying the cross-reference. Evidence presented to the court disclosed that Renteria was angry that Geniro Jamis had stolen $150,000 in drug proceeds from him and that Renteria paid co-conspirators $15,000 to kidnap, torture, and murder Jamis.

We therefore affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED