**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4351**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER ROBECK MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00432-TDS-2)

Submitted:  December 13, 2017                     Decided:  January 10, 2018

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Robeck Martin appeals the 55-month sentence imposed following his guilty plea to bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a) (2012). On appeal, Martin argues that the district court erred in calculating his Sentencing Guidelines range by imposing an enhancement for a threat of death, *see* U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (2016), and declining to grant a downward adjustment for minimal participation in the offense, *see* USSG § 3B1.2(a). For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating a district court's Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017). We will find clear error only if, "on the entire evidence," we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

The Guidelines provide for a two-level enhancement "if a threat of death was made" during a robbery offense. USSG § 2B3.1(b)(2)(F). This enhancement is intended to apply to "cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." USSG § 2B3.1 cmt. n.6; *see United States v. Wooten*, 689 F.3d 570, 576 (6th Cir. 2012) (recognizing that inquiry is objective one, focusing "on the reasonable response of the victim to the threat" (internal quotation marks omitted)). A defendant need not "state expressly his intention

2

to kill the victim," as an adequate threat "may be in the form of an oral or written statement, act, gesture, or combination thereof." USSG § 2B3.1 cmt. n.6.

Martin contends that the specific statement made by his codefendant during the bank robbery was insufficient to instill in a reasonable person a fear of death. We have previously held that a bank robber's statement to a teller that he has a gun may be sufficient to support a threat of death enhancement. *See United States v. Franks*, 183 F.3d 335, 338 (4th Cir. 1999); *United States v. Murray*, 65 F.3d 1161, 1166-67 (4th Cir. 1995); *see also United States v. Jennings*, 439 F.3d 604, 610 (9th Cir. 2006) (collecting cases). Although here, Martin's codefendant more generically told the teller that he had a weapon, we conclude that the circumstances surrounding that statement support the district court's finding that a reasonable teller faced with this situation would fear for her life.

Martin also argues that his codefendant's threat to the teller was not reasonably foreseeable to him and thus should not be attributed to him as relevant conduct. Martin raised no argument on this basis in the district court. In any event, we discern no error, plain or otherwise, in the district court's imposition of the enhancement on this ground. *See* USSG § 1B1.3(a)(1)(B) (defining relevant conduct); *id.* at § 1B1.3 cmt. n.3(D) (recognizing that codefendant's conduct may be reasonably foreseeable due to nature of offense).

Turning to Martin's second assignment of error, the Guidelines provide for a four-level downward adjustment "[i]f the defendant was a minimal participant in [the] criminal activity." USSG § 3B1.2(a). The enhancement is intended to apply if the

3

defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(A). In making this determination, the court must engage in a fact-specific evaluation of the totality of the circumstances, comparing the defendant to the other individuals with whom he participated, not to the average participant in similar offenses. *See* USSG § 3B1.2 cmt. n.3(C); *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (discussing Guidelines Amendment 794).

"The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative" of his entitlement to the adjustment. USSG § 3B1.2 cmt. n.3(C). Instead, the Guidelines commentary provide a nonexhaustive list of factors to consider in making this determination. *Id.* (listing factors). "The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing." *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted). "We review for clear error the district court's determination that [the defendant] failed to show his entitlement to such an adjustment." *Id.* at 359.

Our review of the record reveals no such error here. At a minimum, Martin allowed his vehicle to be used during the offense; drove the vehicle during at least part of the group's flight from law enforcement, *cf.* USSG § 1B1.3(a)(1) (defining relevant conduct to include acts committed by defendant "in the course of attempting to avoid detection or responsibility for that offense"); and, by his own admission, received proceeds from the robbery before returning them to his fleeing codefendant. Further, in

4

view of the circumstances surrounding the offense, we find no clear error in the court's determination that Martin was aware of the nature and scope of the crime. *See United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (defining aiding and abetting). In short, we find no clear error in the district court's finding that Martin failed to establish his entitlement to the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*