**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 17-4775**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOSHUA CRAIG GROVE,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00057-GMG-RWT-1)

———————————

Submitted: May 29, 2018                           Decided: June 7, 2018

———————————

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Aaron D. Moss, Kristen M. Leddy, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Craig Grove appeals his 46-month sentence following his guilty plea to one count of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) (2012). Grove contends that the district court erroneously calculated his Sentencing Guidelines range by improperly applying two four-level enhancements. Finding no error, we affirm.

A defendant whose offense involved 8 to 24 firearms is subject to a 4-level enhancement. U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(B) (2016). Grove argues that the district court erred in finding that his offense involved 11 firearms instead of 2, and thus applying the 4-level enhancement. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The Government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011). Grove admitted making two straw purchases of firearms for his heroin dealer, but contends he should not be held accountable for the nine straw purchases made by his then-girlfriend, Julie Lipscomb, for the same dealer.

Specific offense characteristics are determined by "in the case of a jointly undertaken criminal activity . . . all acts and omissions of others that were—(i) within the scope of the jointly undertaken activity; (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." USSG § 1B1.3(a)(1)(B). The district court credited Lipscomb's testimony at the sentencing

2

hearing that she and Grove, who were in a long-term relationship and living together, engaged in a joint enterprise to obtain heroin by making straw purchases of firearms from their heroin dealer. *See United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("The district court's credibility determinations receive great deference." (internal quotation marks omitted)). Lipscomb testified that she received the phone calls from the dealer requesting the straw purchases because Grove did not have a cell phone, and Grove was present during some of the calls. Grove knew about all of the straw purchases Lipscomb made, was present during some of them, and shared the heroin obtained from all of the exchanges. Moreover, Lipscomb's straw purchases were squarely within the scope of their jointly undertaken criminal activity and were reasonably foreseeable. The district court thus did not clearly err in determining that Grove's offense involved 11 firearms and applying the 4-level enhancement under USSG § 2K2.1(b)(1)(B).

Grove also contends that the district court erred by applying 4-level enhancements under both USSG § 2K2.1(b)(5) and (b)(6)(B). Subsection (b)(5) applies to defendants who engaged in the trafficking of firearms, while subsection (b)(6)(B) applies to defendants who "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Grove does not dispute the factual applicability of either provision on its own, but argues that the district court engaged in impermissible double counting under the Guidelines by applying both.

"[T]here is a presumption double counting is permissible except where expressly prohibited." *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010). In a case where subsection (b)(5) applies, subsection (b)(6)(B) also applies "[i]f the defendant used or transferred . . . firearms in connection with another felony offense (i.e., an offense other than a firearms possession or trafficking offense." USSG § 2K2.1 cmt. n.13(D). Grove argues that we should adopt the reasoning of the Second Circuit in *United States v. Young*, 811 F.3d 592, 600-04 (2d Cir. 2016), and hold that the subsection (b)(6)(B) enhancement was improperly applied. In *Young*, the Second Circuit held that, by negative implication, application of both subsections (b)(5) and (b)(6)(B) is expressly prohibited where the basis for application of subsection (b)(6)(B) is the "reason to believe" clause. *Id.* at 600-04.

We need not decide whether the district court erred in applying subsection (b)(6)(B) on the basis of the "reason to believe clause" because the subsection also applies based on the "in connection with" clause. Grove had reason to believe that the heroin dealer would use the firearms obtained through the straw purchase in connection with the dealer's heroin trafficking. However, Grove also possessed the firearms in connection with his own acts of acquiring heroin. *See United States v. Sweet*, 776 F.3d 447, 448 (6th Cir. 2015) (explaining that in this context subsections (b)(5) and (b)(6)(B) "address different aspects of the same action: selling firearms and purchasing drugs"). Therefore, we conclude that the district court properly determined Grove's offense level.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*