**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4634**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GREGORY CRUM,

        Defendant - Appellant.

Appeal from the United States District Court for the District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:16-cr-00133-1)

Submitted:  April 19, 2018                    Decided:  July 3, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carl Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Philip H. Wright, C. Haley Bunn, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Crum pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Crum below the Guidelines range to 240 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Crum challenges several of the district court's Sentencing Guidelines calculations. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* at 631 (internal quotation marks omitted). The Government must demonstrate the facts underlying a Guidelines enhancement by a preponderance of the evidence. *See United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017); *see also United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

Crum first argues that the district court clearly erred in calculating the amount and purity of methamphetamine attributable to him. We review "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011). "When determining facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information

has sufficient indicia of reliability to support its probable accuracy." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). In addition, "[f]or sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 421, 441 (4th Cir. 2011). We have thoroughly reviewed the record and conclude that the district court did not err in calculating the amount of methamphetamine for which Crum was responsible.

Crum next challenges the district court's imposition of an enhancement in offense level for a leadership role in the conspiracy. Under the Guidelines, a four-level enhancement in offense level applies if the defendant was an organizer or leader of a criminal activity that involved five or more participants. U.S. Sentencing Guidelines Manual § 3B1.1(a) (2016). The Guidelines identify factors to consider in determining whether to apply this enhancement, including the exercise of decision-making authority, the nature of the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the profits of the criminal activity, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. USSG § 3B1.1 cmt. n.4.

"[I]n order to qualify for an enhancement, the defendant must have been the organizer or leader of one or more other participants." *United States v. Cameron*, 573 F.3d 179, 184 (4th Cir. 2009) (internal quotation marks omitted). Merely "being a buyer and seller of illegal drugs, even in league with more than five or more other persons, does

3

not establish that a defendant has functioned as an organizer, leader, manager, or supervisor of criminal activity." *Id.* at 185 (internal quotation marks omitted). Here, the district court correctly concluded based upon the evidence presented at the sentencing hearing that Crum was an organizer of the conspiracy. The court did not clearly err, therefore, in enhancing Crum's offense level for his leadership role.

Finally, Crum asserts that the district court erred in enhancing his offense level based on the importation of the methamphetamine from Mexico. Under the Guidelines, a two-level enhancement applies if the offense involved the importation of methamphetamine and the defendant is not subject to a mitigating role enhancement. USSG § 2D1.1(b)(5). We find that the court correctly determined that the Government demonstrated by a preponderance of the evidence that the methamphetamine Crum was distributing had been imported from Mexico.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*