**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4663**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TACARLOS ANTIGO MILLER, a/k/a Ghetto, a/k/a Konoki,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:15-cr-00044-D-1)

Submitted:  September 28, 2018                    Decided:  October 15, 2018

Before DUNCAN and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tacarlos Antigo Miller of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Miller to 132 months' imprisonment. On appeal, Miller raises several challenges to his convictions and sentence. We affirm.

While Miller first contests the district court's denial of his motion for a bill of particulars, he fails to specify how the district court erred in denying the motion. Accordingly, he has waived appellate review of this claim. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (holding that failure to support claim on appeal with arguments waives claim).

Miller next challenges the district court's jury instructions. When the issue has been preserved, "[w]e review a district court's decision to give [or not to give] a particular jury instruction for abuse of discretion," and "whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018), *pet. for cert. filed,* ___ U.S.L.W. ___ (U.S. June 4, 2018) (No. 17-9189); *United States v. Bartko*, 728 F.3d 327, 344 (4th Cir. 2013). "We must determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Miltier*, 882 F.3d at 89 (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a

2

resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *Id.* (internal quotation marks omitted).

Miller first contends that the district court erred in denying his request for an instruction requiring the jury to come to a unanimous conclusion as to the identities of Miller's coconspirators. The district court did not abuse its discretion in refusing to give this instruction because the instruction would have misstated the law. *See Rogers v. United States*, 340 U.S. 367, 375 (1951) ("[A]t least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.").

To the extent that Miller argues that the district court was required to give a multiple conspiracy charge, Miller failed to request such an instruction below and, thus, we review this claim for plain error. *See United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). "[A] multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the] appellant[] w[as] involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *Bartko*, 728 F.3d at 344 (internal quotation marks omitted). "[E]ven if one overarching conspiracy is not evident, the district court's failure to give a multiple conspiracies instruction is reversible error only when the defendant suffers substantial prejudice as a result," that is, "the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction." *Id.* (internal quotation marks omitted). We conclude that, even assuming the evidence at trial showed multiple conspiracies, the district court's

failure to give a multiple conspiracy instruction did not constitute plain error because Miller failed to show that, with such instruction, the jury probably would have acquitted him of conspiracy. *See id.*; *Cowden*, 882 F.3d at 475.

Miller also argues that the district court erred in refusing to require the jury to make a drug quantity finding for the conspiracy charge. Before the district court, Miller requested this instruction on the sole basis that certain weights could trigger mandatory minimums. To the extent that he raises this argument again on appeal, the district court properly denied the request because the indictment did not specify a drug quantity and Miller was not subjected to an enhanced statutory penalty. *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." (internal quotation marks omitted)); *see also Alleyne v. United States*, 570 U.S. 99 (2013) (applying *Apprendi* to facts increasing statutory mandatory minimum). To the extent that Miller claims—for the first time on appeal—that the district court lacked authority to make an independent finding on drug quantity, this contention is also unavailing. *See United States v. Young*, 609 F.3d 348, 357 (4th Cir. 2010) ("[B]eyond establishing the maximum sentence, the jury's drug-quantity determination place[s] no constraint on the district court's authority to find facts relevant to sentencing.").

Miller next asserts that the district court should have granted his motions for a judgment of acquittal and a new trial on the basis that, in order to convict him on the conspiracy count, the jury had to unanimously agree on the identities of Miller's

coconspirators. "We review a challenge to the sufficiency of the evidence de novo," viewing the evidence "in the light most favorable to the government." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). To establish that Miller conspired to distribute heroin, the Government need prove only: "(1) an agreement to possess [heroin] with intent to distribute between two or more persons; (2) [Miller] knew of the conspiracy; and (3) [he] knowingly and voluntarily became a part of the conspiracy." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013). We review the district court's ruling on a motion for a new trial for abuse of discretion. *United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010). Under Fed. R. Crim. P. 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

The district court did not err in denying Miller's motion for a judgment of acquittal or abuse its discretion in denying his motion for a new trial. Substantial evidence at trial showed that Miller knowingly and voluntarily conspired with others to distribute heroin and, as discussed above, the jury simply was not required to unanimously agree on or even identify Miller's coconspirators.

Miller also alleges ineffective assistance of trial counsel. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because ineffective assistance of counsel does not conclusively appear on the record before us, we decline to consider Miller's claims at this juncture. Instead, Miller's

ineffective assistance claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

Miller also challenges the district court's drug quantity calculation and its imposition of a U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015) firearm enhancement. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error," finding clear error only if "on the entire evidence[,] [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

With regard to drug quantity, Miller argues that the district court erroneously converted the currency discovered in a vehicle on and near him during his arrest and in his girlfriend's bedroom into heroin equivalency. In calculating the total drug quantity, "a district court need not err, on the side of caution or otherwise; it must only determine that it was more likely than not that the defendant was responsible for *at least* the drug quantity attributed to him." *United States v. Kiulin*, 360 F.3d 456, 461 (4th Cir. 2004) (internal quotation marks omitted). In addition to calculating the quantity of seized drugs, "[a] district court may properly convert cash amounts linked credibly to the defendant's purchase or sale of narcotics" into a drug weight. *United States v. Sampson*, 140 F.3d 585, 592 (4th Cir. 1998). "Direct or hearsay testimony of lay witnesses as to the amounts attributable to the defendant can provide sufficiently reliable evidence of quantity." *Id.*

6

The district court properly attributed the currency to Miller and converted it into heroin equivalency. Officers found the currency in the vehicle on Miller's person and in proximity to him directly after they observed Miller conduct what they believed to be drug sales in a location in which he was known to sell narcotics. The district court justifiably found not credible a letter in which Miller's companion declared ownership of this currency, given that the companion did not testify at sentencing and a trial witness was previously pressured into making a false statement for Miller's benefit. *See United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("The district court's credibility determinations receive great deference." (internal quotation marks omitted)). The currency in Miller's girlfriend's bedroom was also properly counted, as his girlfriend specifically informed law enforcement that Miller, who did not have a job and earned money selling drugs, had given her the currency.

Finally, Miller contests the district court's imposition of the firearm enhancement on the basis that the Government failed to show that the firearms found at his cousin's residence were connected to Miller's drug trafficking activities. Under USSG § 2D1.1(b)(1), sentencing courts are to increase a defendant's offense level by two levels "if a dangerous weapon (including a firearm) was possessed." The Government bears the initial burden of proving by a preponderance of the evidence that a weapon was possessed in connection with drug activities. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). "Although the Government need not prove precisely concurrent drug trafficking and weapon possession, . . . it must at least prove a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.*

7

(citations and internal quotation marks omitted). "If the Government satisfies this burden, the defendant may avoid the enhancement by showing that the weapon's link to his or her drug activities was clearly improbable." *Id.* (internal quotation marks omitted); *see* USSG § 2D1.1 cmt. n.11(A).

Because Miller contested the firearm enhancement on a different ground before the district court, we review his current challenge to the enhancement for plain error. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) ("When a criminal defendant presents a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only."); *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014) ("[A]n objection on one ground does not preserve objections based on different grounds." (internal quotation marks omitted)). The district court did not plainly err in imposing the enhancement, as Miller's cousin testified that Miller was his only source of heroin and law enforcement found firearms the cousin identified as belonging to Miller in proximity to "a large amount of raw heroin" in the cousin's residence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*