**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4335

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALEB AGUSTIN IGLESIAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00237-WO-6)

Submitted:  March 29, 2018                           Decided:  April 10, 2018

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Lee Farris, ANDREW FARRIS, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caleb Agustin Iglesias appeals his sentence following his plea of guilty to conspiracy to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). On appeal, Iglesias argues that the district court procedurally erred when it denied him a mitigating role adjustment. We affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and, if there was an abuse of discretion, we will reverse unless the error was harmless, *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). In evaluating a district court's Sentencing Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017), *cert. denied*, 2018 WL 692277 (U.S. 2018).

Pursuant to the 2016 U.S. Sentencing Guidelines Manual (USSG), adjustments to a defendant's base offense level are based on the defendant's personal conduct and, "in the case of a jointly undertaken criminal activity . . ., all acts and omissions of others that were (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." USSG § 1B1.3(a)(1)(A), (B) (2016). "A defendant who is accountable under [USSG] § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity" may receive a mitigating role adjustment. USSG § 3B1.2 cmt. n.3(A). The adjustment is

2

intended to apply if the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*

In applying the mitigating role adjustment, the sentencing court must engage in a fact-specific evaluation of the totality of the circumstances, comparing the defendant to the other individuals with whom he participated, not to the average participant in similar offenses. *See id.* cmt. n.3(C); *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (discussing factors to consider in applying mitigating role adjustment). The Guidelines commentary provides a nonexhaustive list of factors to consider in making this determination, including:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity: (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and] (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n.3(C).

"The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing." *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted), *superseded by regulation on other grounds as stated in United States v. Carbajal*, 2018 WL 636724 (4th Cir. 2018) (No. 16-4358). We "review for clear error the district court's determination that [the defendant] failed to show his entitlement to such an adjustment." *Id.* at 359. We will find clear error only if, having considered the evidence in its entirety, we are "left

with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

We have reviewed the parties' briefs as well as the record and conclude that the district court did not clearly err by denying a mitigating role adjustment. The district court identified the relevant factors and concluded that the 51 kilograms of cocaine Iglesias personally delivered and his involvement in the smuggling of tens of thousands of dollars in drug proceeds demonstrated that he was a "relatively trusted member" of the drug conspiracy with "significant" knowledge of its scope. (J.A. 37). We hold that the district court did not err in considering the firearms and additional cocaine found in the residence Iglesias shared with his brother-in-law as additional evidence that Iglesias knew he was involved in a large drug conspiracy. Moreover, any error would be harmless because the district court had sufficient evidence before it to conclude that Iglesias had knowledge of the broad scope of the conspiracy. Finally, we find Iglesias' reliance on *United States v. Bush*, 352 F.3d 1177 (8th Cir. 2003), to be misplaced, and we reject his claim that the district court declined to apply the mitigating role adjustment here because it believed the adjustment would result in an inappropriate Sentencing Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4