**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4667**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOSEPH KELVIN ABERANT,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:17-cr-00025-BO-1)

_____

Submitted:  June 25, 2018                                Decided:  July 13, 2018

_____

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Kelvin Aberant pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012) (Count 1), possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (Count 2), and making a false and fictitious statement to a firearms dealer during acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a), 2 (2012) (Count 4). The district court imposed a term of 120 months on Count 1 and concurrent 80-month terms on Counts 2 and 4, to be served consecutive to the 120 months on Count 1, for a total below-Guidelines sentence of 200 months' imprisonment. On appeal, Aberant contends that the district court erred in applying a cross reference to the attempted murder Guideline, *see* U.S. Sentencing Guideline Manual §§ 2A2.1, 2K2.1(c)(1)(A), 2X1.1(a) (2016), for imposing a sentence that was greater than necessary to meet the 18 U.S.C. § 3553(a) (2012) sentencing objectives, and for failing to adequately explain the selected below-Guidelines sentence. For the reasons that follow, we vacate Aberant's sentence and remand for resentencing.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to sufficiently explain the selected sentence.

2

*Id*. at 49-51. If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

Aberant first challenges the application of the cross reference in USSG § 2K2.1(c)(1). This court reviews the factual findings underlying a district court's application of a Guidelines cross reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013).

"In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Id*. at 381. Section 2K2.1(c)(1) states:

> If the defendant used or possessed any firearm or ammunition <u>cited in the offense of conviction</u> in connection with the commission or attempted commission of another offense . . . apply—
>
> > (A)    § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [under USSG § 2K2.1(a), (b)].

USSG § 2K2.1(c)(1) (emphasis added). Section 2X1.1(a), which applies to attempt, solicitation, or conspiracy, directs courts to use the base offense level for the underlying substantive offense. The district court adopted the probation officer's conclusion that the

3

substantive offense was attempted first degree murder and therefore applied USSG § 2A2.1(a)(1) ("Assault with Intent to Commit Murder; Attempted Murder").

Section 2K2.1(c)(1) specifies that, in order for the cross reference to apply, the firearm or ammunition must be "cited in the offense of conviction." *Id*. Because the indictment did not identify a specific firearm in any of the charges, Aberant contends that the district court erred in applying the cross reference. We disagree.

The phrase "cited in the offense of conviction" was added to § 2K2.1(c)(1) in the 2014 amendment in order to limit application of the cross reference to instances where the defendant used the same firearm involved in the offense of conviction in connection with another offense. USSG Supp. to App. C, Amend. 784, Reason for Amendment. As the Sentencing Commission explained, the amendment clarified that "the instant offense and the other offense must be related to each other by, at a minimum, having an identifiable firearm in common." *Id*.

Note 14(E) states that, "[i]n determining whether subsection (c)(1) applies, the court must also consider whether the firearm used in the other offense was a firearm cited in the offense of conviction." USSG § 2K2.1 cmt. n.14(E). The note provides examples of when the provision applies and when it does not. For instance, if a defendant is convicted of unlawful possession of a shotgun and the court finds that the defendant used the same shotgun in a previous crime, then the court may apply § 2K2.1(c)(1). USSG § 2K2.1 cmt. n.14(E). However, if the defendant is convicted of unlawful possession of a shotgun and the court finds that the defendant possessed and used a handgun in a prior crime, then "subsection (c)(1) does not apply, because the handgun was not cited in the

4

offense of conviction." *Id.* Nothing in the Guideline or the commentary requires that the firearm must be specifically identified in the charging instrument in order for the cross reference to apply. Instead, this provision clarifies that the cross reference only applies if the defendant used the same firearm that is the subject of his conviction in the commission of another offense.

Aberant does not dispute that the rifle he was convicted of unlawfully possessing was the same rifle he used to shoot the victim in this case. We thus conclude that the district court did not err in applying the cross reference.

Aberant next argues that, even if the cross reference was appropriate, the district court clearly erred by applying the cross reference to attempted first degree murder because the Government failed to prove, by a preponderance of the evidence, that he acted with premeditation and deliberation. In Aberant's view, the facts reflected that he acted "in at least imperfect self-defense." The Guideline for attempted murder, USSG § 2A2.1, provides for a base offense level of 33 if the attempted murder would have constituted first-degree murder; otherwise, the offense level is 27. "First degree murder," for purposes of this Guideline, is "conduct that, if committed within the special maritime and territorial jurisdiction of the United States, would constitute first degree murder under 18 U.S.C. § 1111 [(2012)]." USSG § 2A2.1 cmt. n.1. Section 1111, in turn, defines murder in the first degree as "the unlawful killing of a human being with malice aforethought"—that is, "[e]very murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing." 18 U.S.C. § 1111(a). Sustaining the attempted first degree murder cross reference under the premeditation prong requires the court to find by a

5

preponderance of the evidence both that the defendant acted with malice and that the killing was premeditated. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *see United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (providing that sentencing judges may find facts supporting Guidelines application by preponderance of evidence). To prove malice under § 1111, "the Government does not have to show an intent to kill or injure." *Williams*, 342 F.3d at 356. Instead, "malice aforethought may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Id*. (internal quotation marks omitted).

Against this legal backdrop, we consider the relevant facts of this case. Specifically, Aberant's adult daughter and her boyfriend, Alex Ortiz, resided with Aberant. The day after a disagreement with his daughter regarding bills, Aberant took steps to have the couple evicted, acquired a rifle and ammunition, and practiced firing the gun. Later that day, Aberant argued with his daughter and then fired a shot at her, forced his way into her room, and punched her in the face. When Ortiz came home and challenged Aberant to go outside with him to settle the dispute "like a man," Aberant responded by twice shooting at Ortiz but not wounding him. At this point, Ortiz became physical with Aberant, grabbing him by the neck and forcing him to the ground before the men briefly separated to different rooms. When the two men were once again in the same room, Aberant began shooting at Ortiz, striking him a total of seven times as Ortiz fled outside. He then stood over Ortiz, ignoring his pleas for help and taunting him

6

before driving away. We conclude that a preponderance of the evidence established that Aberant's conduct in shooting Ortiz qualifies as reckless and wanton behavior and a gross deviation from a reasonable standard of care such that a factfinder would be warranted in inferring that Aberant was aware that there was a risk of death or serious bodily harm. Accordingly, the district court did not clearly err in applying the cross reference to attempted first degree murder.

Finally, Aberant argues that the district court erred in its treatment of his motion for a below-Guidelines variance, imposed a sentence that was greater than necessary to satisfy the § 3553(a) factors, and failed to adequately explain the sentence imposed. It is well established that a district court must provide an individualized assessment of its selected sentence; failure to do so constitutes procedural error. *United States v. Carter*, 564 F.3d 325, 328-29 (4th Cir. 2009). Although it may be possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Carter*, 564 F.3d at 329-30.

Here, the court imposed a below-Guidelines sentence, albeit not as low as Aberant requested, but did not expressly address the motion for a downward variance and offered no explanation for the selected sentence. The lack of an explanation renders Aberant's sentence procedurally unreasonable and precludes this court from conducting meaningful appellate review. *United States v. Blue*, 877 F.3d 513, 522 (4th Cir. 2017). We therefore

7

vacate Aberant's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*