**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4662**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES C. STEWART, III,

Defendant - Appellant.

**No. 17-4685**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT ANTHONY GRANT,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.
George Jarrod Hazel, District Judge. (8:16-cr-00224-GJH-1; 8:16-cr-00225-GJH-2)

Submitted: January 31, 2019                    Decided: March 29, 2019

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland; Landon M. White, LAW OFFICE OF LANDON M. WHITE, Baltimore, Maryland, for Appellants. Kathryn A. Schmidt, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert K. Hur, United States Attorney, Baltimore, Maryland, Bryan E. Foreman, Assistant United States Attorney, Gustav W. Eyler, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James C. Stewart, III, and Vincent Anthony Grant appeal from their convictions following a joint jury trial and their respective 66-month and 58-month sentences imposed by the district court. On appeal, they argue that the district court erred by (1) allowing certain testimony from several Government witnesses and (2) imposing certain Sentencing Guidelines enhancements. For the reasons set forth below, we affirm.

## I.

The jury convicted both Stewart and Grant of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). The jury also found Stewart guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), and wire fraud, in violation of 18 U.S.C. § 1343 (2012), and Grant guilty of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (2012). The charges stemmed from a scheme in which several coconspirators used stolen credit and debit card account numbers to purchase gift cards and merchandise for later resale. Because many of the sales occurred in Army and Air Force Exchange Service ("AAFES") stores on U.S. military bases, the Defense Criminal Investigative Service ("DCIS") conducted the investigation.

## II.

Stewart and Grant challenge testimony from several Government witnesses. Typically, when defendants preserve their challenge, "[w]e review a district court's

evidentiary rulings for abuse of discretion." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). Under such circumstances, we will not reverse if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted).

We review unpreserved evidentiary challenges for plain error. *United States v. Galloway*, 749 F.3d 238, 244 (4th Cir. 2014). To demonstrate plain error, Stewart and Grant must show that (1) an error occurred, (2) the error was plain, and (3) the error affected their substantial rights, ordinarily by demonstrating "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). Even when defendants meet this standard, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Stewart and Grant first contend that the district court erred in permitting lay witnesses Shonn Dyer-Jones and Theresa McDonald to provide expert testimony. Under Fed. R. Evid. 702, a witness "qualified as an expert by knowledge, skill, experience, training, or education" may give opinion and other testimony if: "the expert's . . . knowledge will help the trier of fact"; the testimony "is based on sufficient facts or data" and "is the product of reliable principles and methods"; and "the expert has reliably applied the principles and methods to the facts of the case." Under Fed. R. Evid. 701, a lay witness is permitted to "give opinion testimony that is rationally based on the

4

witness's perception . . . so long as it is not based on the same scientific, technical, or other specialized knowledge covered by Rule 702." *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017) (internal quotation marks omitted); *see also* Fed. R. Evid. 701.

Stewart and Grant challenge the district court's decision to allow McDonald, a loss prevention manager with AAFES, to testify about signatures on sales receipts without being qualified as an expert. McDonald testified in general terms that she was able to link certain fraudulent transactions together because of the similarity of the signatures. Because this testimony was based on McDonald's personal perception and McDonald did not testify to the authenticity of the signatures, we find that the district court did not abuse its discretion in allowing this testimony.[1]

Next, Stewart and Grant challenge several statements made by Dyer-Jones, a computer crime investigator with DCIS, as improper expert testimony. Most of Dyer-

---

[1] For the first time on appeal, Stewart and Grant argue that McDonald's testimony was more prejudicial than probative. Because they offer no argument to support this contention, this argument is waived. *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013). Stewart and Grant also argue for the first time on appeal that because McDonald was not the employee who pulled the various internal logs, sales receipts, and video footage from the investigation, her testimony violated the Confrontation Clause. "Evidence implicates the Confrontation Clause only if it constitutes a testimonial statement—that is, a statement made with a primary purpose of creating an out-of-court substitute for trial testimony." *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015) (internal quotation marks omitted). "Business and public records are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). Because the challenged evidence was not testimonial in nature, the district court did not err in allowing this testimony.

Jones' testimony was proper lay testimony drawn from her own perceptions developed through conducting the investigation. To the extent that some of Dyer-Jones' testimony about Bitcoin may have been impermissibly based on specialized knowledge covered by Rule 702, we conclude that any error in admitting this testimony was harmless because the same information had been testified to earlier in the trial. Thus, Dyer-Jones' additional testimony to this same fact did not "substantially sway[]" the judgment so as to warrant reversal. *See Cloud*, 680 F.3d at 401 (internal quotation marks omitted).

Stewart and Grant also challenge Dyer-Jones's testimony that they were committing "credit card fraud," contending that this was improper "ultimate issue" testimony. Because this challenge was not raised in the district court, we review it for plain error. *Galloway*, 749 F.3d at 244. "[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Plain error cannot be shown here because, even assuming that the challenged testimony was inadmissible, Stewart and Grant fail to establish "a reasonable probability that . . . the outcome of the proceeding would have been different" without this testimony. *Molina-Martinez*, 136 S. Ct. at 1343.

Stewart and Grant's final evidentiary challenge is that the district court erred in allowing the testimony of Quentin Stewart, a coconspirator, because it was the "uncorroborated testimony" of an accomplice. Contrary to this assertion, however, Quentin Stewart's testimony was corroborated by the testimony of numerous other witnesses and other evidence presented by the Government at trial. The district court did not err in admitting this testimony.

6

**III.**

Stewart and Grant also challenge the district court's imposition of certain Sentencing Guidelines enhancements. We review criminal sentences for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In assessing the district court's Guidelines calculations, we "review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013). We will find clear error only if "on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

At Stewart's sentencing hearing, the district court imposed a 12-level upward adjustment, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(G) (2016), because the loss amount reasonably foreseeable to Stewart exceeded $250,000. Stewart challenges both the court's loss calculation and its decision that the entire loss was reasonably foreseeable to him.[2]

In a case involving jointly undertaken criminal activity, loss resulting from the conduct of others is attributable to a defendant "so long as the conduct was in furtherance

---

[2] Although both Stewart and Grant argued against the amounts of foreseeable loss respectively attributed to them at sentencing, they only advance Stewart's argument in their consolidated opening brief. Because Grant has failed to develop his argument on appeal, he has forfeited appellate review of this issue. *See Bartko*, 728 F.3d at 345 (issue not raised in opening brief is waived).

7

of, and reasonably foreseeable in connection with the criminal activity." *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013) (internal quotation marks omitted). In deciding that the entire loss—including transactions made by coconspirators—was reasonably foreseeable to Stewart, the district court noted that Stewart was frequently present at purchases made by the other coconspirators—including purchases made out-of-state— and that he lived with coconspirators for part of the conspiracy. We find no clear error in this determination.

"[T]he determination of loss attributable to a fraud scheme is a factual issue for resolution by the district court, and we review such a finding of fact only for clear error." *United States v. Godwin*, 272 F.3d 659, 671 (4th Cir. 2001). In calculating the loss amount, the district court considered the established fraudulent purchases from AAFES locations and extrapolated from this number to account for testimony indicating that (1) the identified timeframe reflected only a "small portion" of the conspiracy period and (2) only approximately half of the coconspirators' fraudulent purchases were at AAFES locations. *See United States v. Pierce*, 409 F.3d 228, 234 (4th Cir. 2005) (upholding fraud-loss calculation made by extrapolating from monthly averages for time frame for which records were available to estimate loss amount for total duration of conspiracy). Because the court is only required to make a "reasonable estimate of the loss," U.S.S.G. § 2B1.1 cmt. n.3(C), we find that the court's determination was not clearly erroneous.

Finally, Grant challenges the imposition of a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The court based this on evidence that Grant affirmatively reached out to investigators and lied about his involvement in the

8

scheme, asked a coconspirator to "take this charge" for him, and logged into his iCloud account after a coconspirator instructed him to destroy evidence.

The Sentencing Commission provides guidance in the application of U.S.S.G. § 3C1.1, providing nonexhaustive lists to demonstrate the types of conduct covered by and excluded from the enhancement. U.S.S.G. § 3C1.1 cmt. nn.4–5. Grant argues that the district court's reliance on two of the demonstrative examples of included behavior amounts to clear error because the court failed to look to the on-point application note stating that "false statements, not under oath, to law enforcement officers" are generally not included in the enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.5(B). However, the court did not rely exclusively on Grant's false unsworn statements to investigators in applying the enhancement. And even assuming that the district court erroneously applied this enhancement, the error would be harmless here, as the district court stated on the record during the sentencing colloquy that its rationale for Grant's downward-variant sentence applied "[r]egardless of whether [it] had applied the actual two-level enhancement" for obstruction of justice. *See United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (noting that harmless error may apply when district court miscalculates advisory sentencing range but we "know[] that the district court would have reached the same result even if it had decided the guidelines issue the other way" (internal quotation marks omitted)).

**IV.**

9

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*