**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4274**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ARLEE CHAMPION,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cr-00046-MR-DLH-5)

Submitted:  May 8, 2019                                   Decided:  June 11, 2019

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Richard Arlee Champion of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), 846 (2012), and possession with intent to distribute methamphetamine and aiding and abetting others to do the same, in violation of §§ 841 (a)(1), (b)(1)(A) and 18 U.S.C. § 2 (2012). The district court sentenced Champion to concurrent terms of 262 months' imprisonment. On appeal, Champion challenges his convictions and sentence, asserting that the superseding indictment should have been dismissed because the delay between his entry into federal custody and his appearance before a magistrate judge violated his due process and Sixth Amendment rights,[1] that the prosecutor engaged in misconduct, and that the district court miscalculated his criminal history score. We affirm.

I

Counsel argues that the postindictment delay preceding Champion's appearance before a magistrate judge violated his right to due process because the Government failed to meet the prompt presentment requirements of Fed. R. Crim. P. 5. Because trial

---

[1] Champion has abandoned his claim that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (2012), was violated. *See* Fed. R. App. P. 28(a)(8)(A); *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 122 n.10 (4th Cir. 2018) (declining to address argument abandoned on appeal through failure to comply with Rule 28(a)(8)); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).

counsel raised this claim in an unsuccessful motion to dismiss, "we review [the] district court's legal conclusions de novo and its factual findings for clear error." *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Rule 5 provides that "[a] person making an arrest . . . must take the defendant without unnecessary delay before a magistrate judge . . . ." Fed. R. Crim. P. 5(a)(1)(A); *see United States v. Kelly*, 661 F.3d 682, 687 (1st Cir. 2011) (stating that "an appearance under a writ of habeas corpus ad prosequendum [does not] constitute[] an arrest" (emphasis and internal quotation marks omitted)).

Here, Champion entered federal custody pursuant to a writ of habeas corpus ad prosequendum that was issued, following the return of the superseding indictment, on August 7, 2017. Thus, the prompt presentment requirements of Rule 5 do not apply. Moreover, even if the arrest date were the operative date, "[a]n individual arrested following the return of a proper indictment has no prompt presentment right." *United States v. Abu Ali*, 528 F.3d 210, 226 n.4 (4th Cir. 2008) (internal quotation marks omitted). We therefore conclude that the postindictment delay did not violate Champion's due process rights.

As Champion claims that his Sixth Amendment right to a speedy trial was violated, we review such a claim for plain error when, as here, it is raised for the first time on appeal. *Cohen*, 888 F.3d at 680 (reviewing unpreserved claim of Sixth Amendment error under plain error standard). In order to prevail under the plain error standard, Champion "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).

3

In assessing whether a criminal defendant's right to a speedy trial has been violated, courts consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The duration of the delay, in addition to being a factor in this test, also is a threshold requirement because the defendant must establish that the length of the delay is at least presumptively prejudicial." *United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). "The Supreme Court has observed that postaccusation delay is presumptively prejudicial at least as it approaches one year." *Id.* at 452 (brackets and internal quotation marks omitted). Here, 156 days passed between the issuance of the superseding indictment and the start of Champion's trial. Thus, we conclude that the district court did not plainly err in allowing the trial to proceed as any postaccusation delay was not presumptively prejudicial.

II

Next, Champion contends that the prosecutor engaged in misconduct by making improper comments in closing argument and by asking a Government witness about the impact of drugs on her life. A prosecutor's remarks during closing argument will require reversal if they were (1) improper, and (2) "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir.), *cert. denied*, 139 S. Ct. 270 (2018). Where, as here, the defendant fails to object, we review only for plain error "and grant relief only if there was a plain error that affected [Champion's] substantial rights and would seriously affect the fairness,

4

integrity or public reputation of judicial proceedings." *United States v. Lopez*, 860 F.3d 201, 215 (4th Cir.), *cert. denied*, 138 S. Ct. 409 (2017).

When determining whether the prosecution's improper remarks were sufficiently prejudicial as to deny the defendant a fair trial, this court considers:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*Id.* (alterations and internal quotation marks omitted). Our review of the record does not reveal the existence of any prosecutorial misconduct. Thus, Champion is not entitled to relief.

## III

Champion also challenges the district court's admission into evidence of a Government witness' testimony about the impact of drugs on her life. At trial, counsel objected to this testimony on relevance grounds but, on appeal, Champion argues that it was unduly prejudicial. As trial counsel did not object to the prejudicial effect of the testimony, we review the district court's decision to admit the witness' testimony for plain error. *See Cohen*, 888 F.3d at 678; *Sanya*, 774 F.3d at 816.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "[W]hen considering whether evidence is unfairly prejudicial, damage to a defendant's case is not

5

a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense." *United States v. Tillmon*, __ F.3d __, __, 2019 WL 921534, at \*10 (4th Cir. Feb. 26, 2019) (No. 17-4648) (internal quotation marks omitted). "Instead, unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (alteration, emphasis, and internal quotation marks omitted). "To that end, we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).

During his opening statement, Champion's trial counsel challenged the witness' credibility by implying that she was testifying against Champion in order to lessen the repercussions of her criminal conduct. As such, the witness' testimony assisted the jury in determining whether she was telling the truth. Moreover, the challenged testimony did not create a risk of unfair prejudice because it did not suggest the jury convict Champion on an improper basis. We therefore conclude that the district court did not err in admitting the challenged testimony.

IV

Finally, Champion claims that the district court erred in assessing three criminal history points for his prior Georgia statutory rape conviction because Georgia amended the relevant statute and classified the offense, as Champion committed it, as a misdemeanor. "We determine whether a district court's [Sentencing] Guidelines calculation was proper by reviewing that court's factual findings for clear error and its

6

legal conclusions de novo." *United States v. Dodd*, 770 F.3d 306, 309 (4th Cir. 2014) (internal quotation marks omitted); *see United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (defining clear error).

As counsel acknowledged at sentencing, there is no support in the Guidelines for his assertion that Georgia's subsequent reclassification of the statutory rape offense from a felony to a misdemeanor precludes assessment of criminal history points under U.S. Sentencing Guidelines Manual § 4A1.1 (2016). *See* USSG 4A1.1 cmt. background ("To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor."). Thus, we conclude that this argument fails.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*