**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 18-4840**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR OSWALDO MELENDEZ, a/k/a Creeper,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:18-cr-00245-LO-1)

─────────────

Submitted: May 31, 2019                                   Decided: June 12, 2019

─────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and DUNCAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Geremy C. Kamens, Federal Public Defender, Shannon S. Quill, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Maureen C. Cain, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Oswaldo Melendez appeals from his 15-month sentence imposed following a guilty plea to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, he argues that the district court erred by failing to apply a sentencing reduction, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2016), because Melendez possessed the ammunition solely for collection. We affirm.

We review criminal sentences for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In assessing the district court's Sentencing Guidelines calculations, "[w]e review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013). We will find clear error only if "on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

A defendant may be entitled to an offense level decrease to six if he "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." USSG § 2K2.1(b)(2). The commentary to § 2K2.1 further explains that whether possession is solely

for "lawful sporting purposes or collection" [is] determined by the surrounding circumstances. . . . Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.

USSG § 2K2.1 cmt. n.6.

At his sentencing hearing, Melendez explained that the charge arose from his possession of two bullets that he had found near a pond and that he eventually planned to use the bullets to create something. He argued that, although he may not be someone who collects antique bullets and puts them on display, he was nevertheless entitled to the reduction because he intended to use the bullets in a project. The Government emphasized that, unlike typical collectors' items, the bullets were kept in a nylon bag along with other personal items such as loose change, papers, and cell phones. The Government also highlighted Melendez's admitted gang association with MS-13. After hearing arguments from both sides, the district court found that Melendez had not demonstrated by a preponderance of the evidence that he possessed the bullets solely for the purposes of collection. We conclude that the court's determination was not erroneous.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3