**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4246**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAQUON MARQUEZ CARLOS DUNN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00406-WO-1)

Submitted:  January 25, 2021                           Decided:  February 3, 2021

Before RICHARDSON and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin D. Porter, MORROW PORTER VERMITSKY & TAYLOR PLLC, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saquon Marquez Carlos Dunn appeals his below-Guidelines range sentence after pleading guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he contends that the district court erred in finding his actions were not justified and applying a four-level enhancement for possessing a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B). We affirm.

"We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, 'first ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.'" *United States v. Cox,* 744 F.3d 305, 308 (4th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). In assessing whether the district court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo. *Id.* "'Where a Guidelines application involves a mixed question of law and fact, the applicable standard turns on the nature of the circumstances at issue.'" *United States v. Dodd,* 770 F.3d 306, 309 (4th Cir. 2014) (citation omitted).

"If the application turns on a question of fact, the clear error standard applies; if it turns on a legal interpretation, de novo review is appropriate." *Id.* (citation omitted). We "will vacate a sentence as procedurally unreasonable if a district court makes clearly erroneous factual findings in the course of calculating a defendant's advisory sentencing range." *United States v. Bolden*, 964 F.3d 283, 286 (4th Cir. 2020) (citation omitted).

Under the Sentencing Guidelines, a four-level enhancement applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense;

or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "The Guidelines instruct, in Application Note 14(a), that a firearm is possessed 'in connection with' another felony offense for purposes of the four-level enhancement when that firearm 'facilitated[] or had the potential of facilitating' another felony." *Bolden*, 964 F.3d at 287 (quoting USSG § 2K2.1 cmt. n.14(A)).

"Another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). In deciding whether to apply the enhancement, "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles." USSG § 2K2.1 cmt. n.14(E). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015) (citation omitted).

Here, Dunn objected to the recommendation of the probation officer that his offense level should be enhanced for using or possessing any firearm in connection with another felony offense, i.e., assault with a deadly weapon with intent to kill and discharge a firearm within an enclosure in violation of state law. He argued "that he only returned fire in self-defense after first being fired upon," and he "had the right to return fire in self-defense." The district court found that Dunn committed the state offense of discharging a firearm within an enclosure, and the evidence did not support a justification defense under state or federal law. On appeal, he contends the court's finding that his actions were not justified

3

was not supported by the facts. We have reviewed the record and conclude the court did not clearly err in finding his actions were not justified and in applying the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*